**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4143**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BENJAMIN C. THOMPKINS, JR., a/k/a Benjamin Thompkins, a/k/a
Benjie,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:08-cr-00339-REP-1)

---

Submitted:  April 16, 2010          Decided:  May 6, 2010

---

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, Decatur,
Georgia, for Appellant.  Dana J. Boente, United States Attorney,
Angela Mastandrea-Miller, Jessica A. Brumberg, Assistant United
States Attorneys, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin C. Thompkins, Jr., was convicted of possession with intent to distribute fifty grams or more of cocaine base, 21 U.S.C. § 841(a) (2006) (Count One); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2006) (Count Two); possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count Three); and manufacturing and possessing with intent to distribute marijuana, 21 U.S.C. § 841 (2006) (Count Four). He received an aggregate sentence of 300 months in prison. Thompkins now appeals his convictions. We affirm.

I

Prior to trial, Thompkins moved to suppress evidence seized from his residence pursuant to a search warrant. The court determined that the affidavit supporting the search warrant established probable cause and that, even if it did not, the good faith exception to the warrant requirement applied. Thompkins contends on appeal that these rulings were in error.

"In assessing a trial court's decision on a motion to suppress, we review the court's factual findings for clear error and its legal determinations de novo." United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). We view the evidence in the light most favorable to the Government, the prevailing party

2

below.  See United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009).

The Fourth Amendment prohibits "unreasonable searches and seizures."  U.S. const. amend. IV.  Further, "no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  Id.  The magistrate's task in deciding whether to issue a search warrant "is simply to make a practical, common-sense decision," based on the totality of the circumstances, whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).

In reviewing the validity of a search warrant, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed."  Id. (internal quotation marks omitted).  The magistrate's probable cause determination is entitled to "great deference."  United States v. Chandia, 514 F.3d 365, 373 (4th Cir. 2008).

Here, the district court properly denied the suppression motion based on its determination that the affidavit contained enough information to establish probable cause that evidence of marijuana cultivation would be found at Thompkins'

3

residence. DEA Special Agent Bertsch, who had extensive experience investigating drug trafficking, applied for the warrant. In his affidavit, he recited that a confidential informant, who had provided reliable information in previous investigations, had reported that "BJ" had made six calls to a hydroponics store, requesting prices for products typically used to cultivate marijuana. The calls came from 13011 Five Forks Road, Benjamin Thompkins' residence. Thompkins had previously been served a summons at that address in connection with a cocaine investigation. BJ had also visited the hydroponics store and purchased products commonly used to cultivate marijuana.

The affidavit further stated that Thompkins' residence had used an average of 3008 kilowatt hours of power during each billing cycle between December 2007 and May 2008. During the same time period, a significantly larger neighboring residence had used an average of 2092 kilowatt hours per cycle, and a comparably sized residence had used an average of 1190 kilowatt hours per cycle. Agent Bertsch stated that, in his experience, this unusually large consumption of electricity was consistent with the interior cultivation of marijuana. Additionally, Thompkins' girlfriend had inquired about how to reset a digital timer of the sort that is often used in the cultivation of marijuana. Finally, employment records showed that Thompkins

4

had no reported income since 2003, and Agent Bertsch stated that drug dealers typically do not report illegal income. Based on the totality of the circumstances, we conclude that there was a substantial basis for the magistrate judge's finding of probable cause.

Even if the affidavit did not establish probable cause, rendering the warrant deficient, the good faith exception to the warrant requirement would apply in this case, as the district court found. In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court held that evidence obtained from execution of a defective search warrant is admissible under this exception if the officer's reliance on the warrant was objectively reasonable. Id. at 922-23. Leon identified four situations in which an officer's reliance on a warrant could not be objectively reasonable, including where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923. Although Thompkins contends that his case falls within this exception, characterizing the affidavit as "bare bones," we disagree. To the contrary, the affidavit is replete with facts obtained from numerous sources, including: a reliable confidential informant; official telephone, power company, sheriff's department, and Virginia

Employment Commission records; and Agent Bertsch's own extensive experience investigating similar offenses.

## II

The affidavit supporting the warrant referred to information gleaned from power use records subpoenaed from Dominion Virginia Power (Dominion). The day before trial was scheduled to begin, Thompkins requested a continuance so that he could ascertain whether a subpoena in fact was served on Dominion as represented in the affidavit. He stated that Dominion had not produced certain documents requested in a subpoena duces tecum that had recently been served on Dominion's registered agent. Those documents, he contended, would tend to establish whether the affidavit had been falsified.

During a hearing on the motion, the Assistant United States Attorney informed the court that the Drug Enforcement Agency had issued administrative subpoenas to Dominion for the three residences identified in the affidavit. All records received pursuant to that request were provided to the defense, as were copies of the subpoenas. Thompkins' attorney acknowledged having received both the records and the copies of the subpoenas. However, he told the court that someone in Dominion's legal department had informed him that a computer search turned up no record of Dominion's having received any

6

subpoena or having provided the records in question. Thus, counsel questioned whether the records had been deliberately falsified and whether, as a result, the affidavit was valid.

The district court denied the motion for a continuance, finding there was no valid reason to support the motion. Counsel renewed the motion at trial the next day, and the court again denied it. Thompkins now questions the propriety of the court's ruling.

We review the denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006) "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail." Id. After reviewing the record, we conclude that Thompkins failed to make the specific showing required. Most notably, he has not demonstrated that the power usage records in question were erroneous.

III

Thompkins contends that counsel was ineffective because he did not move for reconsideration of the denial of the motion to suppress or move for a new trial based on the power records issue. He further suggests that counsel was ineffective for failing to file a motion for a Franks v. Delaware, 438 U.S. 134 (1978), hearing on that issue.

7

"Claims of ineffective assistance of counsel are normally raised before the district court via 28 [U.S.C.A.] § 2255 [West Supp. 2009] and are cognizable on direct appeal only where it conclusively appears on the record that defense counsel did not provide effective representation." United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007); see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because ineffective assistance does not conclusively appear on the record, we decline to address this claim.

IV

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED